IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable R. Brooke Jackson

Civil Action No. 11-cv-03044-RBJ-BNB

JUDY RIGG, on her own behalf and as the personal representative of the ESTATE OF ROBERT RIGG,

      Plaintiff,

v.

CITY OF LAKEWOOD,
LAKEWOOD POLICE DEPARTMENT,
CITY AND COUNTY OF DENVER, and
DENVER POLICE DEPARTMENT,

      Defendants.

---

## ORDER

---

      This case comes before the Court on "Defendants City of Lakewood and Lakewood Police Department's Motion to Dismiss" [doc. #13] and "Defendants City and County of Denver's and Denver Police Department's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6)." [# 14]. The Court has considered the motions, responses and replies.

**<u>Facts</u>**

      Ms. Rigg's husband, Robert Rigg, was stopped by police officers from either Denver or Lakewood on September 9, 2009 near the intersection of West Alameda Avenue and South Pierce Street in Lakewood, Colorado. *Id.* Mr. Rigg allegedly was "incoherent, apparently dazed, and sweating profusely." *Id.* at ¶8. He was taken into custody and transported via police vehicle to the Lakewood Police Station. *Id.* at ¶9. During his transport he allegedly "was unresponsive

to verbal instructions, drooling, breathing heavily, and gasping intermittently, and his chin was drooping onto his chest." *Id.* at ¶10.  After arriving at the police station, officers were directed to take Mr. Rigg to St. Anthony's Central Hospital. *Id.* at ¶11.

While transporting Mr. Rigg to the hospital "the transporting officer observed Mr. Rigg's chin on his chest, and ascertained he was unresponsive." *Id.* at ¶13.  The officer requested permission to transport Mr. Rigg to the nearest hospital rather than St. Anthony's Central Hospital. *Id.* at ¶14.  Ms. Rigg does not state from whom the officer requested permission.  She alleges that permission was denied, and the officer was instructed to wait for West Metro Fire Rescue to arrive and transport Mr. Rigg. *Id.*  When West Metro Fire Rescue arrived they attempted to "revive" Mr. Rigg and continued these efforts until they arrived at St. Anthony's Central Hospital, where Mr. Rigg was pronounced dead. *Id.* at 15.

Ms. Rigg brings this action on her own behalf and as personal representative of Mr. Rigg's estate, alleging common law wrongful death and constitutional claims.

**Standard**

Motions to dismiss are generally viewed with disfavor. *See Robbins v. Wilkie*, 300 F.3d 1208, 1210 (10th Cir. 2002).  The Court must accept all well-pleaded allegations of the complaint as true and construe them in the light most favorable to the plaintiff. *See Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007).  The question is whether, in light of those allegations, it is plausible and not merely possible that the plaintiff is entitled to relief under the relevant law. *Christy Sports L.L.C. v. Deer Valley Resort Co.*, 555 F.3d 1188, 1192 (10th Cir. 2009) (citing *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  It is not enough for the plaintiff to plead facts

"merely consistent" with the defendant's liability and, likewise, "[t]hreadbare recitals of the

elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*

Thus, the Court first "identif [ies] the [conclusory] allegations in the complaint that are not

entitled to the assumption of truth," and then "consider[s] the factual allegations in [the]

complaint to determine if they plausibly suggest an entitlement to relief."  *Hall v. Witteman*, 584

F.3d 859, 863 (10th Cir. 2009).

### Conclusions

The Court begins with the fact that Ms. Rigg asserted her claims against the two police

departments in addition to the two municipalities.  Defendants argue that the police departments

are not proper parties.  Ms. Rigg concedes the point in her responses.  Accordingly, the claims

against the Lakewood Police Department and the Denver Police Department are dismissed with

prejudice.

Next, defendants argue that the municipalities cannot be sued for wrongful death, because

they are protected by statutory immunity which has not been waived.  Ms. Rigg concedes this

argument as well.  The wrongful death claims against both municipalities are dismissed with

prejudice.

What remains, therefore, are constitutional claims asserted against the City of Lakewood,

Colorado and the City and County of Denver, Colorado pursuant to 42 U.S.C. §1983.

Lakewood's alleged involvement in the incident in question is somewhat greater, but because the

legal issues are similar, the Court considers the two motions together.

Here, Ms. Rigg has pled several factual allegations in her complaint including the events that led to the death of her husband.  Furthermore, Ms. Rigg has further developed her Due Process claims brought under 42 U.S.C.A. §1983 in her responses to both defendants' motions to dismiss.  [## 19 and 20].

The essence of the constitutional claim is that Mr. Rigg's right to due process was violated by defendants' deliberate indifference to his medical needs.  *Cf. Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  To determine whether there has been deliberate indifference to the medical needs of a prisoner courts have established an analysis that includes objective and subjective components.  *See Boyett v. Cnty of Washington*, 282 F. App'x 667, 672 (10th Cir. 2008) (unpublished).  For present purposes, the Court assumes, without deciding, that Ms. Rigg has sufficiently pled that Mr. Rigg was experiencing a severe medical emergency, and that the involved police personnel were deliberately indifferent to them.

Nevertheless, it is generally improper to hold a municipality liable under 42 U.S.C. §1983 for the acts of its employees based on a theory of *respondeat superior*.  *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 691-94 (1978).  Rather, "[t]o establish municipal liability, a plaintiff must show (1) the existence of a municipal custom or policy and (2) a direct causal link between the custom or policy and the violation alleged."  *Jenkins v. Wood*, 81 F.3d 988, 994 (10th Cir. 1996).  The Complaint contains no allegation either of the existence of a municipal custom or policy or, obviously, that the custom or policy was causally linked to the violation of constitutional rights alleged.

In response to the motion plaintiff suggests that the facts alleged are sufficient to create an inference that the officers "were acting pursuant to policies and procedures instituted [the municipalities] and/or were acting consistent with inadequate training."  Responses [#19, 20] at

4

3-4.  A municipality's inaction could support a claim if it resulted from deliberate indifference to a person's rights.  *Canton v. Harris,* 489 U.S. 378, 390 (1989); *Jenkins,* 81 F.3d at 994.  For example, a failure to train can support a claim against a municipality if "the need for more or different training is so obvious, and the inadequacy is so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent" to the need for additional training.  *Canton,* 489 U.S. at 390.  However, plaintiff did not plead a plausible claim against either municipality under any type of failure to act or failure to train theory.

Plaintiff alternatively requests leave to amend.  "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  The Court should freely grant leave to amend absent good reason not to do so.  *See id.  See also* Fed. R. Civ. P. 15(a)(2)(leave to amend should be freely granted).  I agree.

**Order**

1. The Court GRANTS motions #13 and #14.  Plaintiff's claims against the Lakewood Police Department and the Denver Police Department are dismissed with prejudice.  Plaintiff's wrongful death claims against the City of Lakewood and the City and County of Denver are also dismissed with prejudice.  Plaintiff's constitutional claims against the two municipalities are dismissed without prejudice and with leave to amend.

2. Motion #15 is denied as moot.

3. Motion #16 is denied as moot.

DATED this 3rd day of July, 2012.

BY THE COURT:

_____

R. Brooke Jackson
United States District Judge