**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 11-cv-03044-RM-BNB

JUDY RIGG, as personal representative of the ESTATE OF ROBERT RIGG,

    Plaintiff,

v.

CITY OF LAKEWOOD,

    Defendant.

_____

**ORDER ON COSTS**
_____

    THIS MATTER is before the Court on Defendant City of Lakewood's Motion for Award of Costs (ECF No. 130) ("Motion"). Plaintiff Judy Rigg ("Plaintiff"), as personal representative of the Estate of Robert Rigg, brought this action pursuant to 42 U.S.C. § 1983, against Defendant City of Lakewood ("Defendant").

    Federal Rule of Civil Procedure 54 makes the award of costs presumptive—i.e: "costs other than attorneys' fees shall be allowed as a [matter of] course to the prevailing party unless the court otherwise directs." Fed.R.Civ.P. 54(d)(1). The Rule affords broad discretion to a district court judge to grant costs. *See Mitchell v. City of Moore*, 218 F.3d 1190, 1204 (10th Cir. 2003). The Tenth Circuit has also recognized that certain factors may "justify a district court in exercising its discretion to deny recoverable costs, including when the prevailing party was only partially successful when damages were only nominal, when costs were unreasonably high or unnecessary, when recovery was insignificant, or when the issues were close or difficult." *In re Williams Securities Litigation*, 558 F.3d 1144, 1150-51 (10th Cir. 2009).

Defendant argues that in light of the presumption in favor of an award of costs it should be awarded them here. It provides no further argument addressing the discretionary factors outlined above. The Court chooses to exercise its discretion to deny costs in this case. In doing so, the Court notes that Plaintiff is the personal representative and surviving spouse of Robert Rigg, the decedent in this case, which originally alleged wrongful death and constitutional violations. Although all claims against Defendant were ultimately dismissed, the Court does not find that this civil action was undertaken in bad faith or frivolously, nor has Defendant suggested as much. The Court bases its decision upon the final factor governing the exercise of discretion on the award of costs, finding that the issues in this case were close and difficult and that therefore the award of costs is not appropriate. Defendant's Motion (ECF No. 130) is hereby DENIED.

DATED this 4th day of December, 2014.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge